

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARTHUR SHIEF                                        CIVIL ACTION

VERSUS                                              NUMBER: 05-1613

ORLEANS PROBATION & PAROLE, ET AL.                  SECTION: "J"(5)


REPORT AND RECOMMENDATION


Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the application for federal habeas corpus relief of petitioner, Arthur Shief, the State's response thereto, and Shief's recently-filed "Motion for Summerary Judgement". (Rec. docs. 1,7,9). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Shief's petition be dismissed without prejudice for want of jurisdiction.

Petitioner Shief is a state prisoner who is presently incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana. On April 18, 1990, Shief was convicted of simple rape after trial, by jury, in the Criminal District Court

___ Fee ___
___ Process ___
_X_ Dktd ___
_✓_ CtRmDep ___
___ Doc. No. ___

for the Parish of Orleans, State of Louisiana. On August 3, 1990, Shief was sentenced to fifteen years imprisonment in the custody of the Louisiana Department of Corrections ("DOC"). Shief's conviction and sentence were affirmed by the Louisiana Fourth Circuit Court of Appeal. <u>State v. Shief</u>, 601 So.2d 392 (La. App. 4th Cir. 1992)(table).

Based on a review of the exhibits attached to his petition, it appears that Shief was released on "good time" parole supervision after serving a portion of his fifteen-year sentence but was returned to jail to serve the remainder of his prison term after having his parole revoked on September 17, 2001. (Rec. doc. 1, p. 12 of 15). While Shief's habeas petition is by no means a model of clarity, he appears to be complaining of the addition of certain release conditions in 1999; the alleged fabrication and addition of false information in his DOC file; and, his allegedly unlawful arrest on an illegal parole revocation warrant (Rec. doc. 1, pp. 7-9). As made clearer by his recently-filed motion for summary judgment, Shief is not challenging his original conviction or fifteen-year sentence. Rather, he contends that he was arrested and returned to custody in 2001 based on false and fabricated evidence and that no records exist documenting any formal

revocation hearing being held in 2001. (Rec. doc. 9, p. 1).

Because Shief is not challenging his underlying rape conviction, his habeas petition is more properly construed as one brought under 28 U.S.C. §2241 rather than 28 U.S.C. §2254. See Batiste v. State, 1999 WL 102027 (E.D.La. 1999). To entertain a habeas petition under §2241, a district court must have jurisdiction over either the prisoner or his custodian. King v. Lynaugh, 729 F.Supp. 57, 59 (W.D. Tex. 1990)(citing United States v. Brown, 753 F.2d 455 (5th Cir. 1985)). As recently made clear by the U.S. Supreme Court, in habeas challenges to present physical confinement, the proper respondent is the warden of the facility where the prisoner is being held. Rumsfield v. Padilla, ___ U.S. ___, ___, 124 S.Ct. 2711, 2718-22 (2004). Shief is presently confined in EHCC, a penal facility located in St. Gabriel, Louisiana, which, in turn, is situated within the geographical confines of another federal judicial district, namely, the United States District Court for the Middle District of Louisiana. As this Court has jurisdiction over neither Shief nor his custodian, the Warden of EHCC, it will be recommended that Shief's petition be dismissed without prejudice for want of jurisdiction. Rumsfield,

3

___ U.S. at ___, 124 St. Ct. at 2727.[1]/

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Arthur Shief be dismissed without prejudice for want of jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

---

[1]/Should Shief decide to file another habeas petition in the Middle District of Louisiana, he must of course first exhaust the remedies that are available to him in the state court system. <u>Dickerson v. State of Louisiana</u>, 816 F.2d 220, 224 (5th Cir.), <u>cert. denied</u>, 484 U.S. 956, 108 S. Ct. 352 (1987); <u>Batiste</u>, 1999 WL 102027 at *1. The Court expresses no opinion as to whether any such petition would be timely.

4

consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc).

~~New Orleans~~ Baton Rouge, Louisiana, this 13th day of September, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

5